UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. LHEVAN,<br><br>　　　　　Petitioner,<br><br>　　　　v.<br><br>SCOTT KERNAN, Warden,<br><br>　　　　　Respondent. | NO. SACV 16-01240-GW (AGR)<br>NO. **SACV 16-01241-GW (AGR)**<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petitions for Writ of Habeas Corpus, the other records on file herein, the Report and Recommendation of the United States Magistrate Judge ("Report") and the Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings and recommendation of the Magistrate Judge.[1]

　　　　Petitioner's objections are largely unintelligible. It is unclear whether Petitioner's objections assert new grounds for relief. To the extent that Petitioner

---

[1] The magistrate judge issued a consolidated Report for both cases. Because the objections in each case are identical, the Order Accepting addresses both cases.

wishes to assert additional grounds for relief, there is no indication that any of these claims were previously exhausted in state court.

The Court exercises its discretion to consider the new evidence attached to the objections.

Petitioner argues that Grounds 5-8 are timely. (*Lhevan I*, Dkt. No. 93 at 95-96.)[2] However, the magistrate judge did not reach the merits of Respondent's timeliness argument. (*Id.*, Dkt. No. 91 at 6.)

In Ground One of the First Amended Petition, Petitioner alleged that the trial court erroneously denied his motion to withdrawal the guilty pleas. (*Id.*, Dkt. No. 64 at 5; *Lhevan II*, Dkt. No. 62 at 5.) In his objections, Petitioner contends that the pleas were not knowing, voluntary and intelligent because government officials concealed the fact that Petitioner was a victim of identity theft. (*Lhevan I*, Dkt. No. 93 at 109, 113.) Petitioner attached a police report showing that someone used his name to rent a car from Enterprise Rental Company on June 15, 2015. (*Id.* at 170.) Petitioner was made aware of the identity theft. (*Id.* at 170.) On July 1, 2015, the Orange County Sheriff's Department issued the police report. (*Id.*) It is unclear how being a victim of identity theft was related to Petitioner's decision to enter a plea agreement. Petitioner did not enter the guilty plea until November 17, 2015, well after the identity theft incident. (*Lhevan I*, Dkt. No. 28-1 at 136-40; *Lhevan II*, Dkt. No. 26-3 at 110-15; 68-4 at 1-2*.*) Petitioner does not contend that any threats, misrepresentations or promises made him enter into the agreement. *Parker v. North Carolina*, 397 U.S. 790, 796 (1970).

In Ground Five of the First Amended Petition, Petitioner alleged ineffective assistance of counsel based on failure to file a motion to suppress a police report.

---

[2] Page citations are to the page and docket numbers generated by the Case Management/Electronic Case Filing ("CM/ECF") system in the header of the documents for *Lhevan v. Kernan*, No. CV 16-01240-GW (AGR) (C.D. Cal. 2016) ("*Lhevan I*") and *Lhevan v. Kernan*, No. CV 16-01241-GW (AGR) (C.D. Cal. 2016) ("*Lhevan II*").

(*Lhevan I*, Dkt. No. 64 at 11; *Lhevan II*, Dkt. No. 62 at 11.) In his objections, Petitioner argues that defense counsel denied him his First Amendment right to appeal "by never sending him [information] about withdrawing [the] plea." (*Lhevan I*, Dkt. No. 93 at 135.) Even assuming defense counsel was ineffective, Petitioner is unable to show that he was prejudiced as a result. Petitioner did file a motion to withdraw his pleas in the Superior Court. (*Lhevan I*, Dkt. No. 28-1 at 144-48; *Lhevan II*, Dkt. No. 26-1 at 144-48.) Petitioner also raised the claim that the trial court erroneously denied his motion to withdraw the guilty plea in the habeas petitions that he filed in state court. (*Lhevan I* and *Lhevan II*, Dkt. No. 68-4.) Therefore, Petitioner is unable to show ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687-92 (1984) (petitioner must show both deficient performance and prejudice to prevail on an ineffective assistance of counsel claim).

Petitioner's remaining objections are without merit.

IT THEREFORE IS ORDERED that judgment be entered denying the First Amended Petition and dismissing these two actions with prejudice.

DATED: September 1, 2020

GEORGE H. WU
United States District Judge